UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ~~JONATHAN~~ BENNETT,<br><br>        Plaintiff,<br><br>    v.<br><br>TOM LOPEZ, et al.,<br><br>        Defendants. | No. 2:25-cv-3033 TLN CSK P<br><br><br>ORDER |

Plaintiff is a pretrial detainee proceeding pro se in an action brought under 42 U.S.C. § 1983. On November 10, 2025, plaintiff filed a document styled "Motion for Preliminary Injunction." (ECF No. 8.) However, plaintiff's filing is not a motion, but rather a commentary on what plaintiff announced to jail staff and inmates concerning a public defender and a judge, as well as what the judge allegedly said. (ECF No. 8 at 1-2.) Plaintiff references a You Tube video, and claims the inmates have cell phones. (Id. at 2.) But plaintiff does not identify what relief he seeks, or otherwise address any of the elements required to seek injunctive relief.[1] Even liberally construed, the Court cannot construe plaintiff's filing as a motion for injunctive relief.

---

[1] "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

1

In addition, procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Here, plaintiff's complaint has not yet been screened, and no defendant has been served with process. Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

Accordingly, because plaintiff's filing is insufficient to be construed as a motion for injunctive relief, plaintiff's "motion" (ECF No. 8) is denied without prejudice.

Dated: November 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn3033.den