1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID BENNETT,                          No.  2:25-cv-3033 TLN CSK P

12              Plaintiff,                    ORDER

13        v.

14   TOM LOPEZ, et al.,

15              Defendants.

16

17        Plaintiff is a pretrial detainee proceeding pro se.  Plaintiff seeks relief pursuant to

18   42 U.S.C.  § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.

2 § 1915(b)(2).

3      As discussed below, plaintiff's complaint is dismissed with leave to amend.

4 I.    SCREENING STANDARDS

5      The court is required to screen complaints brought by prisoners seeking relief against a

6 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

7 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19 1227.

20      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  II.    THE CIVIL RIGHTS ACT

7          To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

8  constitutional or statutory right; and (2) that the violation was committed by a person acting under

9  the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

10  930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

11  facts establish the defendant's personal involvement in the constitutional deprivation or a causal

12  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

13  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

14  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

15  for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679

16  (2009).  The requisite causal connection between a supervisor's wrongful conduct and the

17  violation of the prisoner's constitutional rights can be established in a number of ways, including

18  by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,

19  or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,

20  1208 (9th Cir. 2011).

21  III.    PLAINTIFF'S COMPLAINT

22          On October 20, 2025, plaintiff filed a document styled, "42 U.S.C. § 1983 federal

23  S.L.A.P.P. Complaint (§ 425.16 Subd (e)(3)) Permission for Attorney General to Hold Criminal

24  and Civil Charges."  (ECF No. 1 at 2.)  In the caption of his pleading, plaintiff names Tom Lopez

25  and Wellpath Holdings, Inc. as defendants.  (Id.)  However, in the text of his pleading, plaintiff

26  names the following as defendants:  Officer Willis (#403), Officer Simington (#331); Officer

27  Prasada (#477), Officer Wenneker; Yergeniy; Officer Midena; Officer Bentz; all officers named

28  in police reports of CR 23-0488, CR231693, and CR 24-1951; Dr. Lancaster; Rosemary Gladden;

3

1    Director of Atascadero State Hospital and Office of Patients Rights; Director of Patton State

2    Hospital and person named Jelly of Office of Patients Rights; District Attorney Jeff Reisig; Public

3    Defender Joseph Goctoe; Woodland Healthcare; Physician McKinney; Connor Do; Judge Wolk;

4    Woodland Health Care Provider Dr. Lee; Nancy of the Equal Employment Office; Margaret A.

5    Boyd of California Department of Social Services, State hearings Division; Woodland Health

6    care Physician Michael Wu, M.D.; Social worker Amy and Brandy; all named defendants in

7    Bennett v. Tom Lopez, No. 2:23-cv-2885 TLN CKD; Yolo County Counsel Eric May and Philip

8    J. Pogledich; and Department of Financial Services at General Accounting of Yolo County;

9    Sheriff Tom Lopez; Lt. Jennifer Davis; Lt. Humbler; Johnny Schneider; Yolo County Jail Internal

10   Affairs; all the defendants who logged plaintiff's legal mail listed in incident report made in

11   Bennett v. Tom Lopez, 2:25-cv-1283 EFB; and all members of the Yolo County Board of

12   Supervisors who signed Agreement No. 24-93.  (ECF No. 1 at 15-16.)

13        Plaintiff's allegations are indecipherable.  He mentions extortion with involuntary

14   medication and civil commitment, kidnapping and torture, retaliation, fraud, obstruction of

15   justice; claims there is unauthorized listening violations at the jail, with an intent to punish with

16   TV eavesdropping taunting device torture violating the First Amendment; discusses various

17   grievances he has filed and appended; and alleges he appended a motion for leave to file a Yolo

18   County Public Records Complaint because plaintiff was allegedly denied the ability to file pro se

19   complaints.  (ECF No. 1 at 2-15, 17-27, 28-64.)  Plaintiff asks the Court to combine the claims

20   and these defendants in this single lawsuit for sharing the common question of plaintiff's

21   competency proceedings.  (Id. at 16-17.)

22        As relief, plaintiff seeks appointment of counsel, declaratory judgment, money damages,

23   correction of an incorrect reimbursement payment, and an order to "stop wiretap violating Alert

24   Number; I-041825-PSA terrorist attack under 'Younger Doctrine.'"  (Id. at 65.)

25   IV.    DISCUSSION

26        Plaintiff's 65 page single-spaced handwritten complaint is not short and plain.  See Fed. R.

27   Civ. P. 8(a).  Plaintiff includes repetitive facts, case citations, refers to his own prior filings in this

28   court, criminal cases, discusses exhaustion of remedies, among other things.  The inclusion of

such extraneous information in the complaint unduly lengthens and confuses the pleading, and his allegations are indecipherable.  The Court is unable to ascertain the allegations and the specific claims plaintiff intends to pursue.  As a result, the complaint is not short and plain, in violation of Rule 8(a)(2).  Therefore, the complaint must be dismissed.  See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of incomprehensible rambling").  The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit.  See McHenry v. Renne, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  Even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  See id.  Plaintiff's pro se status does not relieve him of conformity to the pleading rules.  See, e.g., Romano v. U.S. Army Core of Eng'rs, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The Court will, however, grant leave to file an amended complaint.  Plaintiff is required to file his amended complaint on the Court's § 1983 complaint form, and the amended complaint may not exceed 20 pages.

V.    REQUEST TO CONVERT PRIOR HABEAS ACTION

In the introduction to his complaint, plaintiff claims he wants to "convert" his prior habeas case, Bennett v. Tom Lopez, No. 2:23-cv-2885 TLN CKD P (E.D. Cal.), "into this 42 U.S.C. § 1983 . . . Complaint Judicial test, refiling in this court with supplemental complaint expanding the record due to ongoing extortion defrauding the United States with illegal competency proceedings used to retaliated from right to access [the] court."  (ECF No. 1 at 1-2.)  However, that court denied plaintiff's request to convert No. 2:23-cv-2885 TLN CKD P into a civil rights

5

1   case by findings and recommendations issued May 28, 2025, in <u>Bennett v. Tom Lopez</u>, No. 2:23-

2   cv-2885 TLN CKD P (E.D. Cal.) (ECF No. 30 at 5), and adopted by the district court on June 18,

3   2025 (ECF No. 35).  Therefore, plaintiff's request to convert his prior habeas case into this civil

4   rights action is denied.

5           A.  <u>Plaintiff's Prior Civil Rights Claims</u>

6           Further, in plaintiff's prior habeas case, No. 2:23-cv-2885 TLN CKD P, plaintiff was

7   advised that:

8               [his] claims based on the ADA, the state court order requiring his
                involuntary medication, his First Amendment right of access to the
9               courts, and his Eighth Amendment right to be free from deliberate
                indifference, are all actionable pursuant to 42 U.S.C. § 1983.  <u>See</u>
10              <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996) (access to court claims);
                <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976) (deliberate
11              indifference claims); <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th
                Cir. 2002) (ADA claims); <u>Jones v. Newsom</u>, No. 1:20-cv-01583-
12              NONE-EPG-HC, 2021 WL 634715 (E.D. Cal. Feb. 18, 2021)
                (recognizing that allegations of forced or involuntary medication are
13              properly raised in a § 1983 action).

14  <u>Bennett v. Tom Lopez</u>, No. 2:23-cv-2885 TLN CKD P (E.D. Cal. May 28, 2025) (ECF No. 30 at

15  4-5).  Thus, if plaintiff wishes to pursue any of those actionable claims, he must specifically

16  identify the allegations supporting each claim and name as defendants only those individuals

17  responsible for the alleged violations.  And, as explained next, plaintiff may only pursue related

18  claims against related defendants that involve questions of law or fact common to all defendants.

19          B.  <u>Misjoinder</u>

20          Rule 21 of the Federal Rules of Civil Procedure provides:

21              Misjoinder of parties is not a ground for dismissing an action. On
                motion or on its own, the court may at any time, on just terms, add
22              or drop a party. The court may also sever any claim against a party.

23  Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants

24  if "any right to relief is asserted against them jointly, severally, or in the alternative with respect

25  to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and

26  "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.

27  20(a)(2).  <u>See also</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against

28  unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the

1    court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller &

2    Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels

3    Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under

4    Rule 21 of certain defendants where claims against those defendants did not arise out of the same

5    transaction or occurrences, as required by Rule 20(a)).  Thus, if the actionable civil rights claims

6    identified in plaintiff's prior habeas case do not involve questions of law or fact common to all

7    defendants, plaintiff must pursue the unrelated claims in separate lawsuits.

8         Therefore, plaintiff's request that the Court combine the claims and these defendants into

9    this single lawsuit (ECF No. 1 at 16-17) is denied.

10        C.  Standards Governing Putative Claims

11        The Court provides plaintiff the following substantive standards relevant to putative First

12   and Eighth Amendment claims.

13             1.  First Amendment

14        "Prisoners have a First Amendment right to file grievances against prison officials and to

15   be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

16   (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

17   prison context has five elements:  "(1) An assertion that a state actor took some adverse action

18   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

19   (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

20   reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68

21   (9th Cir. 2005).

22        Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S.

23   343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by

24   Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct

25   criminal appeals, habeas corpus proceedings, and section 1983 actions.  See Lewis, 518 U.S. at

26   353 n.3, 354-55.  In order to state a claim for denial of the right to access the courts, a prisoner

27   must establish that he has suffered "actual injury," a jurisdictional requirement derived from the

28   standing doctrine.  Id. at 349.  An "actual injury" is "actual prejudice with respect to

7

1    contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

2    claim." Id. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d

3    1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had

4    been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S.

5    at 353 & n.4).

6                             *2. Medical Care*

7            "Pretrial detainees have a constitutional right to adequate medical care while in the

8    custody of the government and awaiting trial." Est. of Nelson v. Chelan Cnty., 2024 WL

9    1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing Russell v. Lumitap, 31 F.4th 729, 738 (9th Cir.

10   2022)). The claim is evaluated under an objective deliberate indifference standard. Gordon v.

11   Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth

12   Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or

13   health, the detainee must show that (1) the prison official made an intentional decision with

14   respect to the conditions under which the pretrial detainee was confined; (2) those conditions put

15   the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not

16   take reasonable available measures to abate that risk, even though a reasonable official in the

17   circumstances would have appreciated the high degree of risk involved—making the

18   consequences of the prison official's conduct obvious; and (4) by not taking such measures, the

19   prison official caused the pretrial detainee's injuries. Id. at 1125.

20           For the third element, the defendant's conduct must be objectively unreasonable, "a test

21   that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (citations

22   and internal quotation marks omitted). The four-part test articulated in Gordon requires the

23   plaintiff to prove more than negligence, but less than subjective intent—something akin to

24   reckless disregard. See id. Mere negligence and a simple lack of due care do not violate the

25   Fourteenth Amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir.

26   2016); Gordon, 888 F.3d at 1125.

27   VI.    EXHIBITS

28           Although plaintiff claims he appended to his complaint grievances and a motion intended

to be filed in state court, no such exhibits were appended. (ECF No. 1.) However, on October

28, 2025, plaintiff filed the missing exhibits. (ECF No. 5.) Plaintiff explained that he was unable

to include the exhibits with his lengthy complaint, and asks the Court to attach the exhibits to his

complaint. (Id. at 1.) However, because plaintiff's complaint is being dismissed, plaintiff's

request is denied. The Court will direct the Clerk to revise the docket entry to note the filing of

the exhibits. To the extent plaintiff wants this Court to forward plaintiff's motion to the Yolo

County Superior Court, plaintiff's request is denied. The Court does not file documents on behalf

of litigants.

Further, while exhibits are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the

federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly recommends that

exhibits should not be submitted where (1) they serve only to confuse the record and burden the

court, or (2) they are intended as future evidence. If this action reaches the stage where the

submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff

will have the opportunity at that time to submit his evidence.

VII.    LEAVE TO AMEND

As noted above, plaintiff's complaint is dismissed with leave to amend. If plaintiff

chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he

complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at

48. Also, the complaint must allege in specific terms how each named defendant is involved.

Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983

unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Furthermore, vague and conclusory allegations of official participation in civil rights violations

are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may join multiple defendants in one amended complaint if "any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or arising out of the

same transaction, occurrence, or series of transactions and occurrences" and "any question of law

or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated

9

1  claims against different defendants must be pursued in separate lawsuits.  See George, 507 F.3d at

2  607.  This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple

3  defendant] suit produce[s]."  Id.

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This requirement exists

7  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

8  v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

9  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

10 omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

11 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

12 and the involvement of each defendant must be sufficiently alleged.

13         Finally, plaintiff is required to file his amended complaint on the Court's § 1983

14 complaint form, and the amended complaint may not exceed 20 pages.

15 VIII.   CONCLUSION

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

18         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

20 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21 Director of the California Department of Corrections and Rehabilitation filed concurrently

22 herewith.

23         3.  Plaintiff's complaint is dismissed.

24         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

25 Notice of Amendment and submit the following documents to the court:

26              a.  The completed Notice of Amendment; and

27              b.  **An original of the Amended Complaint, filed on the Court's § 1983**

28 **complaint form and the amended complaint shall not exceed 20 pages.**

1   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

2   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

3   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

4   Failure to file an amended complaint in accordance with this order may result in the dismissal of

5   this action.

6        5.  Plaintiff's request to convert his prior habeas case into this civil rights action (ECF No.

7   1 at 1-2) is denied.

8        6.  Plaintiff's request that the Court combine the claims and these defendants into this

9   single lawsuit (ECF No. 1 at 16-17) is denied.

10       7.  Plaintiff's request to attach exhibits to his original complaint (ECF No. 5 at 1) is

11  denied.

12       8.  The Clerk of the Court is directed to edit docket entry ECF No. 5 to read "Plaintiff's

13  exhibits to original complaint (ECF No. 1)," and to send plaintiff the § 1983 civil rights complaint

14  form filed by a prisoner.

15

16  Dated:  November 17, 2025

17

18                                    CHI SOO KIM
                                      UNITED STATES MAGISTRATE JUDGE
19

20  /1/benn3033.14n

21

22

23

24

25

26

27

28

11

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DAVID BENNETT,                              No.  2:25-cv-3033 TLN CSK P

                     Plaintiff,
11

12          v.                                    NOTICE OF AMENDMENT

13    TOM LOPEZ, et al.,

                     Defendants.
14

15          Plaintiff submits the following document in compliance with the court's order

16    filed on _____ (date).

17

18                          ☐       Amended Complaint

19                          (Check this box if submitting an Amended Complaint)

20    DATED:

21                                        _____
                                          Plaintiff
22

23

24

25

26

27

28