UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. 2:25-cv-3033 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| TOM LOPEZ, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Two motions are before the Court.

I.  MOTION FOR RECONSIDERATION

On December 1, 2025, plaintiff filed a motion for reconsideration of the November 14 and 17, 2025 orders. (ECF No. 12.)

In the November 17, 2025 order, the Court screened plaintiff's complaint, finding plaintiff's allegations indecipherable, and dismissed the complaint with leave to file an amended complaint that did not exceed 20 pages. (ECF No. 10.) Plaintiff's motion for reconsideration does not clearly identify allegations that would state a cognizable civil rights claim, despite the Court providing plaintiff with the standards governing putative claims possibly alleged in his original complaint. As such, plaintiff fails to rectify the deficiencies identified in the screening order. Plaintiff refers to "nonstop retaliation, nonstop excessive noise, nonstop threats, nonstop

privacy violations, nonstop failure to protect, nonstop torture, and involuntary medication." (Id. at 7.) But as explained in the Court's screening order, plaintiff must identify an individual responsible for the alleged violation, and provide specific facts demonstrating that such individual violated plaintiff's rights.[1] Therefore, plaintiff's motion to reconsider the November 17, 2025 screening order is denied. Local Rule 230(j); Fed. R. Civ. P. 78.

Similarly, plaintiff's motion to reconsider fails to rectify the deficiencies identified in the November 14, 2025 order addressing plaintiff's putative motion for injunctive relief.[2] Plaintiff still has no operative pleading on file. And no defendant has yet been served.

Plaintiff claims this Court failed to apply the "three strikes" provision of 18 U.S.C. § 1915(g) and evaluate the "imminent danger" exception. (ECF No. 12 at 1-2.) However, the Court did not find that plaintiff's action was barred by § 1915(g); indeed, plaintiff's motion to proceed in forma pauperis was granted. (ECF No. 10.) Therefore, there was no need to evaluate any exception to § 1915(g).

At bottom, plaintiff is advised that this action cannot proceed until plaintiff files an amended complaint that complies with the Court's November 17, 2025 order. In order to assist plaintiff in filing a pleading that identifies responsible individuals, and the alleged violations plaintiff intends to pursue, plaintiff is required to file his amended complaint on the Court's § 1983 complaint form, and the amended complaint may not exceed 20 pages. (ECF No. 10 at 10.) Because plaintiff's deadline will soon expire, the Court will sua sponte grant plaintiff an extension of time to file his amended complaint on the Court's form.

For all these reasons, plaintiff's motion for reconsideration is denied, and plaintiff is

---

[1] Plaintiff argues that he is not required to demonstrate "actual injury" because he is a pretrial detainee. (ECF No. 12 at 8.) Plaintiff is mistaken. The actual injury requirement for an access to courts claim applies to pretrial detainee. See Jones v. Blanas, 393 F.3d at 936 (affirming summary judgment of pretrial detainee's access to courts claim where detainee "did not allege injury, such as an inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library").

[2] Plaintiff correctly points out that the November 14, 2025 order did not use plaintiff's correct first name, citing Jonathan Bennett instead of David Bennett (ECF No. 9 at 1). The Court inadvertently used the wrong first name, and will direct the Clerk of the Court to interlineate the first name "David" in place of "Jonathan."

granted thirty days from the date of this order to file an amended complaint that complies with the provisions of the November 17, 2025 screening order.  (ECF No. 10.)

II.   RENEWED MOTION

On December 4, 2025, plaintiff filed a document styled "Motion for Guardian ad litem and Preliminary Injunction."  (ECF No. 14.)  However, plaintiff's filing is again not a proper motion, but rather another running commentary on things that have happened to plaintiff since his return from the state hospital.[3]  (Id. at 1-6.)  Plaintiff does not identify what relief he seeks, or otherwise address any of the elements required to seek injunctive relief.[4]  Even liberally construed, the Court cannot construe plaintiff's filing as a motion for injunctive relief.

Further, plaintiff's filing is procedurally defective.  A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  Here, plaintiff's complaint was dismissed with leave to amend, and plaintiff has not yet filed an amended complaint.  (ECF No. 14.)  Therefore, no operative pleading is on file.  No defendant has been served with process.  Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant any injunctive relief.  See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

Accordingly, because plaintiff's filing is insufficient to be construed as a motion for

---

[3] Plaintiff contends that he is unable to obtain paper.  However, the instant filing consists of six pages, two of which bear only his name, inmate number, cell number, and address.  (ECF No. 14 at 4, 6.)  Further, this record amply demonstrates plaintiff has access to paper.  (ECF No. 1 at 1-65); 5 at 1-4; 8 at 1-2; 12 at 1-26; 14 at 1-6.)

[4] "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  To qualify for injunctive relief, plaintiff must demonstrate:  (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Id. at 20.  A deficiency in any element precludes relief.  Id. at 23.

injunctive relief, plaintiff's "motion" (ECF No. 14) is denied without prejudice.

Finally, plaintiff's reference to a motion for guardian ad litem, without more, is insufficient. In addition, plaintiff has previously sought and been denied the appointment of a guardian ad litem in other civil rights actions, as explained on August 12, 2025, by the assigned magistrate judge, who also recommended the motion for appointment of guardian ad litem be denied. See Bennett v. Newsom, No. 2:24-cv-0005 DAD EFB P (E.D. Cal. Aug. 12, 2025) (ECF No. 16 at 5-7). Those findings and recommendations were adopted in full on September 15, 2025, and plaintiff's motion for the appointment of guardian ad litem was denied by the district court. Bennett v. Newsom, No. 2:24-cv-0005 DAD EFB P (E.D. Cal. Sept. 15, 2025).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 12) is denied.
2. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the provisions of the November 17, 2025 screening order (ECF No. 10).
3. Plaintiff's December 4, 2025 motion (ECF No. 14) is denied without prejudice.
4. The Clerk of the Court is directed to interlineate the first name "David" in place of "Jonathan" in the November 14, 2025 order (ECF No. 9 at 1).

Dated: December 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn3033.rec