UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

Plaintiff,

v.

TOM LOPEZ, et al.,

Defendants.

No.  2:25-cv-3033 TLN CSK P

ORDER

Plaintiff is a pretrial detainee proceeding pro se in an action brought under 42 U.S.C. § 1983.  Multiple motions are before the Court, and are addressed below.

I.    MOTION TO DISQUALIFY

Plaintiff moved for disqualification of the undersigned, claiming, among other things, that he did not consent to a magistrate judge.[1]  Pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she has a personal bias or prejudice concerning a party.  In plaintiff's motion for disqualification, he speculates that the undersigned is biased against plaintiff.  The Court does not find disqualification is appropriate in this matter.  Therefore, plaintiff's motion for disqualification (ECF No. 19) is denied.

---

[1]  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

## II.      THIRD MOTION TO PROCEED IN FORMA PAUPERIS

On January 5, 2026, plaintiff filed his third motion to proceed in forma pauperis.  (ECF No. 18.)  However, plaintiff was granted leave to proceed in forma pauperis on November 17, 2025.  (ECF No. 10.)  Thus, plaintiff's motion is duplicative and is denied.  Plaintiff shall refrain from filing further motions to proceed in forma pauperis.

## III.      PURPORTED MOTION FOR PRELIMINARY INJUNCTION

On November 10, 2025, plaintiff filed a document styled "Motion for Preliminary Injunction."  (ECF No. 16.)  A preliminary injunction may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)).

Plaintiff's filing is largely unintelligible, and parts are fantastical and cannot be assessed according to the above standards.  For example, plaintiff claims that unidentified persons are glorifying child molesters (id. at 8), and that he wants to press charges on inmates (id. at 9).  Plaintiff mentions a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  HIPAA, however, does not provide any private right of action.  U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action.").  Accordingly, plaintiff cannot state a claim under HIPAA.  Further, since plaintiff's filing, he has been transferred to the Atascadero State Hospital.  Because plaintiff is no longer housed at the Yolo County Jail, any urgent claim concerning conditions at the jail are now moot.

In addition, procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one

2

"becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Here, plaintiff does not yet have a cognizable pleading on file, and no defendant has been served with process. Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant injunctive relief. See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

Thus, because plaintiff's filing is insufficient to be construed as a motion for injunctive relief, plaintiff's "motion" (ECF No. 16) is denied without prejudice to renewal upon a proper showing.

IV.    MOTION FOR CERTIFICATE OF APPEALABILITY

In plaintiff's notice of change of address, plaintiff seeks a certificate of appealability which he also directs to numerous other cases he has filed. The order plaintiff appears to challenge was not filed in this action, and therefore his motion is denied as it was improvidently filed in this action.

V.    LEAVE TO AMEND

On November 17, 2025, plaintiff's complaint was dismissed, and plaintiff was granted thirty days' leave to file an amended complaint that did not exceed 20 pages. (ECF No. 10.) On December 12, 2025, plaintiff was granted an additional thirty days to file his amended complaint. (ECF No. 15.) That deadline has passed, and plaintiff has not filed an amended complaint. Considering plaintiff's transfer, as well as the pending motions, the Court will grant plaintiff one final extension of time to file an amended complaint. Plaintiff is cautioned that no further extensions of time will be granted, and his failure to file an amended complaint will result in a recommendation that this action be dismissed.

VI.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for disqualification (ECF No. 19) is denied.

2.  Plaintiff's third motion to proceed in forma pauperis (ECF No. 18) is denied as duplicative.

3

3.  Plaintiff's December 22, 2025 "motion" (ECF No. 16) is denied without prejudice.

4.  Plaintiff's motion for certificate of appealability (ECF No. 20) is denied.

5.  Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the November 17, 2025 screening order.  No further extensions of time will be granted.  Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

Dated:  April 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn3033.mpi+